## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JEAN A. DASCENZO, | ) | CASE NO. 1:24-cv-1238 |
|  | ) |  |
|  | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) |  |
|  | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
|  | ) |  |
| RAWLINGS COMPANY LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## I.    Procedural History

On June 17, 2024, Plaintiff filed a class action complaint in the Cuyahoga County Court of Common Pleas against Defendant for unjust enrichment and conversion.  (ECF No. 1, PageID #25–43).  On July 22, 2024, Defendant removed the case to this Court under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1), and the Class Action Fairness Act, 28 U.S.C. § 1332(d).  (*Id.* at PageID #3).  On July 29, 2024, Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because the Court lacks subject matter jurisdiction over this matter and Plaintiff failed to state a claim upon which relief can be granted.  (ECF No. 4, PageID #51).  Defendant alleges that Plaintiff was required to exhaust the administrative appeals process under the Medicare Act because her claims involve Medicare Part C benefits.  (*Id.* at PageID #58).  Defendant further contends that Plaintiff's common-law claims fail because the Medicare Act expressly preempts state common-law claims.  (*Id.*).

On October 2, 2024, Plaintiff opposed Defendant's motion arguing that she was not required to exhaust the administrative appeals process because her claims are not related to subjects covered by appeal, Defendant's subrogation demand was not an "organizational determination,"

and Defendant did not provide Plaintiff notice of her appeal rights.  (ECF No. 7, PageID #91–102).  Plaintiff also argues that her claims are not preempted by the Medicare Act.  (*Id.* at PageID #102–04).  On October 16, 2024, Defendant replied in support of its motion, contending that the administrative appeals exhaustion requirement is not waivable.  (ECF No. 9, PageID #316).

## II.    Background

Medicare enrollees may elect to receive their benefits in one of two ways: (1) they can receive their healthcare benefits under Medicare Parts A and B (42 U.S.C. § 1395w-21(a)(1)(A)); or (2) they can enroll in a Medicare Part C plan, also known as "Medicare Advantage" or "Medicare+Choice" (42 U.S.C. § 1395w-21(a)(1)(B)).  Under Medicare Advantage, a private insurance company, a Medicare Advantage Organization ("MAO"), administers the provision of Medicare benefits pursuant to a contract with the Centers for Medicare and Medicaid Services ("CMS").  *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1235 (11th Cir. 2016).  "CMS pays the MAO a fixed fee per enrollee, and the MAO provides at least the same benefits as an enrollee would receive under traditional Medicare."  *Id.*

To limit the costs of the Medicare program, Congress enacted the Medicare Secondary Payer ("MSP") provisions in 1980.  *Bird v. Thompson*, 315 F. Supp. 2d 369, 371 (S.D.N.Y. 2003) (citing H.R. Rep. No. 96-1167 (1980)).  The MSP provisions "require where a Medicare beneficiary may obtain coverage for medical services from liability, automobile, or no-fault insurance, the primary payment for such services must come from those sources, leaving the Medicare program to provide benefits only as a 'secondary' payer."  *Id.*  Under the MSP provisions, Medicare is not allowed to pay for medical expenses to the extent that "payment has been made, or can reasonably be expected to be made," from other sources, such as settlements paid to enrollees by self-insured tortfeasors.  42 U.S.C. § 1395y(b)(2)(A); 42 C.F.R. § 422.108(d).

Medicare Advantage expressly incorporates the MSP provisions by authorizing an MAO to seek reimbursement from an enrollee paid by another source. 42 U.S.C. § 1395w-22(a)(4). "The MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter." 42 C.F.R. § 422.108(f). Thus, when an enrollee receives payment for medical services the MAO conditionally covered, the MAO can demand reimbursement for the conditional payments. 42 C.F.R. § 422.108(d).

In this case, Plaintiff was injured on December 20, 2023 when a driver ran her over in a crosswalk. (ECF No. 1, PageID #27). The at-fault driver was insured by Progressive Insurance with a liability limit of $100,000. (*Id*.). Progressive disputed Plaintiff's claim for recovery, so Plaintiff hired counsel to pursue recovery against the driver and Progressive. (*Id*.). Progressive ultimately settled with Plaintiff for the $100,000 policy limit. (*Id*. at PageID #28). At the time of the accident, Plaintiff was enrolled in a Medicare Advantage Plan, sponsored by Aetna. (*Id*. at PageID #27). Plaintiff's medical providers billed Aetna for her medical treatment, which Aetna paid. (*Id*. at PageID #28). Defendant, on behalf of Aetna, asserted a subrogation claim and lien against Plaintiff's recovery from Progressive to recover the accident-related medical costs paid by Aetna. (*Id*.). The amount demanded by Defendant did not reduce the subrogation lien by Plaintiff's procurement costs: her attorney fees and expenses from her litigation with Progressive. (*Id*.). Plaintiff brought this action to recover her procurement costs. (*Id*. at PageID #29).

### III.    Legal Standard

When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), Plaintiff has the burden of proving jurisdiction to survive the motion to dismiss. *Houchens v. Beshear*, 850 F. App'x 340, 342 (6th Cir. 2021). There is a critical distinction between 12(b)(1) motions that attack

the complaint on its face versus motions that attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse Elec. Corp*., 78 F.3d 1125, 1134 (6th Cir. 1996).  A facial attack requires the Court to consider the allegations of the complaint as true.  *Id*.  However, with a factual attack, the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  *Id*.

The Court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."  *Ohio Nat'l Life Ins., Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  The Court then "weigh[s] the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist."  *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017) (internal quotations omitted).  Here, Defendant raises a factual attack on this Court's subject-matter jurisdiction, challenging the filing of the instant complaint before the exhaustion of administrative appeals.  (ECF No. 4, PageID #58); *see also Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (explaining that "[a] factual attack challenges the factual existence of subject matter jurisdiction").

## IV.    Analysis

Defendant argues that the Court lacks subject matter jurisdiction over this case.  Defendant contends that Plaintiff was required to exhaust the administrative appeals process provided in the Medicare Act before challenging an MAO's determination.  (ECF No. 4, PageID #58–59).

### a.  *Exhaustion Requirement*

Plaintiff alleges that the Court has subject matter jurisdiction because the Medicare Act's exhaustion requirement does not apply to challenges to a subrogation reimbursement demand. (ECF No. 7, PageID #91–96).  The sole avenue for judicial review for any claim arising under the Medicare Act is through the exhaustion of administrative remedies.  *Heckler v. Ringer*, 466 U.S.

4

602, 614–15 (1984).   Plaintiff argues that, because she is simply trying to enforce the ban on collection of procurement costs under 42 U.S.C. § 411.37 against Defendant, her claims do not arise under the Medicare Act and, therefore, the administrative exhaustion requirement does not apply to her claims.  (ECF No. 7, PageID #96).  Defendant counters that, because the standing and substantive basis for Plaintiff's claims is the Medicare Act and the claims are "inextricably intertwined" with a claim for Medicare benefits, the claims arise under the Medicare Act.  (ECF No. 4, PageID #67–68).

The complaint alleges that Defendant "violated the applicable Federal Regulations by refusing to reduce the subrogation lien for the procurement costs," causing Plaintiff injury.  (ECF No. 1, PageID #29).  Federal courts are precluded from entertaining claims that arise under the Medicare Act.  *Giesse v. Sec'y of HHS*, 522 F.3d 697, 702 (6th Cir. 2008) (interpreting 42 U.S.C. § 405(h), as incorporated by 42 U.S.C. § 1395ii, as a complete bar to judicial review of legal challenges that arise under the Medicare Act prior to exhaustion of available administrative remedies).  A claim "arises under" the Medicare Act if the Act provides the standing and substantive basis for the presentation of Plaintiff's claims.  *Id*.  When an individual seeks a monetary benefit from an agency, the agency denies the benefit, and the individual challenges the lawfulness of that denial, § 405(h) bars judicial review, irrespective of whether the challenge is based on evidentiary, rule-related, statutory, constitutional, or other legal grounds.  *Id*.

In this case, Plaintiff is essentially challenging Defendant's denial of a monetary benefit— the ability of Plaintiff to retain procurement costs under the Medicare Act.  (ECF No. 1, PageID #29).  Although Plaintiff's claims are listed as state-law claims, her challenge is based on statutory grounds.  In fact, the foundation of Plaintiff's lawsuit is that Defendant's reimbursement demand violated applicable federal regulations, 42 C.F.R. §§ 411.37 and 422.108.  (ECF No. 1, PageID

#28–29).  The MSP provisions, to reduce Medicare Program costs, provide MAOs with a right to reimbursement because when another insurer makes a payment for medical services that Medicare has already paid for, a duplicate payment occurs, resulting in an overpayment of Medicare. *Fanning v. United States*, 346 F.3d 386, 391 (3d Cir. 2003).  While Plaintiff asserts that she is simply seeking enforcement of those statutory provisions rather than bringing a legal challenge pursuant to them, Plaintiff is only able to bring such a claim because those provisions exist.

The Court finds that Plaintiff's claim that she is entitled to retain a portion of the overpayment to cover procurement expenses is, in essence, a claim for benefits.  *See Buckner v. Heckler*, 804 F.2d 258, 260 (4th Cir. 1986).  In *Buckner*, the plaintiff sought medical care at a hospital following a car accident, which resulted in $20,845.45 of medical expenses.  *Id.* at 259.  The plaintiff's MAO paid for $20,636.66 of those expenses, leaving a balance of $208.79.  *Id.*  The plaintiff's car insurance carrier then paid the hospital $5,317.76, resulting in an overpayment to the hospital of $5,108.97.  *Id.*  The plaintiff filed suit to recover the overpayment from the MAO. *Id.*  The court concluded that the plaintiff's claim that she was entitled to the overpayment was a claim that she was entitled to Medicare benefits that arose under the Medicare Act.  *Id.* at 260.  As in *Buckner*, Plaintiff is seeking to recover an overpayment from her MAO.  The fact that the overpayment in this case is for procurement expenses rather than an excess hospital bill payment does not sufficiently distinguish this case from *Buckner*—the claims are essentially the same. Thus, the Court finds that Plaintiff's claims arise under the Medicare Act.

The Medicare Act provides the standing and substantive basis of Plaintiff's claims. Therefore, Plaintiff was required to exhaust the administrative appeals process.  This Court is precluded from entertaining these claims until that process has been exhausted.

6

*b. Notice*

Plaintiff argues that Defendant waived the exhaustion requirement by not providing her with written notice of her appeal rights.  (ECF No. 7, PageID #100–02).  "Each MA organization must have a procedure for making timely organization determinations."  42 C.F.R. § 422.566(a).  The definition of organization determination includes "[p]ayment for any other health services furnished by a provider other than the MA organization that the enrollee believes … should have been furnished, arranged for, or reimbursed by the MA organization."  42 C.F.R. § 422.566(b)(2)(ii).

MAOs must disclose to each enrollee all plan appeal or grievance rights and procedures and shall include a description of the reconsideration and appeals processes to enrollees when the MAO denies coverage.  42 U.S.C. §§ 1395w-22(c)(1)(H) and 1395w-22(g)(1)(B); *see also* 42 C.F.R. § 422.568(e)(3) (requiring that notice of any denial inform the enrollee of his or her right to a reconsideration).  The MAO's failure to provide written notice of the enrollee's right to appeal, however, is itself an adverse organization determination and may only be appealed through the administrative appeals process.  42 C.F.R. § 422.568(f).  Failure to provide notice does not waive the exhaustion requirement.  Moreover, the requirement that an individual present a claim to the agency before raising it in court is "nonwaivable and nonexcusable."  *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 15 (2000).

Plaintiff attached her Aetna plan in support of her opposition to Defendant's motion to dismiss.  (ECF No. 7, PageID #107–303).  The plan details the various types of processes and appeals for when an individual has a problem or complaint.  (*Id.* at PageID #241–78).  According to her plan, under the most likely applicable appeals process, Plaintiff had 60 calendar days from the date that Defendant denied her request to make an appeal request.  (*Id.* at PageID #248).

However, the Court finds that the general outline of the various grievance processes, (*Id.* at PageID #243–75), was not specific enough to put Plaintiff on notice of her right to appeal Defendant's denial of her request to reduce the reimbursement amount.

Inadequate notice does not waive the exhaustion requirement, but it may entitle an enrollee to tolling of the appeal deadline. Under standard equitable tolling principles, a plaintiff is entitled to delay filing beyond the statute of limitations if, despite due diligence, they are given insufficient notice of their right to file a claim. *Shisler v. United States*, 199 F.3d 848, 851 (6th Cir. 1999). Plaintiff must present her inadequate notice claim to the agency in an administrative appeal. The agency may well find that she is entitled to equitable tolling and allow her to file her appeal despite the potential 60-day deadline. That, however, is for the agency to decide.

Plaintiff's defense of insufficient notice of her right to appeal has no bearing on the fact that she was required to exhaust the administrative appeals process. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case.

## V. Conclusion

The Court **GRANTS** Defendant's motion to dismiss for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1). (ECF No. 4). The Court lacks jurisdiction over this case, so the case is **DISMISSED WITHOUT PREJUDICE** subject to refiling after exhaustion of the administrative appeals process. Plaintiff must file her claims with HHS pursuant to the administrative appeals process outlined in her Aetna Plan.

**IT IS SO ORDERED.**

**Date:  September 16, 2025**

*Charles Fleming*

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**